**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal Bar No. 220513
  jpjassy@jassyvick.com
MEGHAN FENZEL, Cal. Bar No. 324139
  mfenzel@jassyvick.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:   310-870-7048
Facsimile:   310-870-7010

Attorneys for Moving Party Journalist
KENNETH JACOBY

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JACOBY,<br><br>            Moving Party,<br><br>    vs.<br><br>BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM,<br><br>            Responding Party. | Case No 2:23-cv-02848-MCE-JDP<br><br>*Related Case in E.D. Cal., Case No. 2:23-mc-00403-KJM-AC*<br><br>*Underlying Case Pending in USDC, Middle District of Louisiana, Case No. 3:22-cv-00338-BAJ-SDJ*<br><br>**NOTICE OF RELATED CASES** |

      Movant and journalist Kenneth Jacoby respectfully submits this Notice of Related Cases pursuant to Local Rule 123(b) to alert the Court to the related case currently pending in this district, *Jacoby v. Board of Supervisors of the University of Louisiana*, Case No. 2:23-mc-00403-KJM-AC before the Honorable District Judge Kimberly J. Mueller and Honorable Magistrate Judge Allison Claire, filed on November 13, 2023 (*Jacoby I*).

      The above-captioned action (*Jacoby II*) and *Jacoby I* both involve the same parties: journalist Kenneth Jacoby, a reporter for *USA Today* who lives and works in Sacramento County, and the Board of Supervisors of the University of Louisiana System ("ULS"). Local Rule 123(a)(1).

      The Actions are based on similar claims and are both discovery disputes related to non-party subpoenas to the same individual. Local Rule 123(a)(1). *Jacoby I* is a miscellaneous action involving Jacoby's Motion to Quash ULS's document subpoena. *Jacoby II* is a miscellaneous action involving Jacoby's Motion for a Protective Order regarding ULS's deposition subpoena.

      The Actions involve the same event. Local Rule 123(a)(2). Jacoby wrote a May 26, 2021 article published in USA Today, "Six women reported a Louisiana college student for sexual misconduct. No one connected the dots." ("the Article"). ULS seeks non-party discovery from Jacoby for the underlying litigation, *Jane Doe v. Board of Supervisors of the University of Louisiana System et al.*, Case No. 22-cv-00338-BAJ-SDJ, pending in the United States District Court for the Middle District of Louisiana. In that case, Plaintiff Jane Doe asserts Title IX and negligence claims against ULS and others for their handling of multiple reports of sexual assault by the same man, Victor Daniel Silva. Jane Doe was interviewed by Jacoby for the Article and credits the published version of the Article with making her aware of the facts underlying her claims.

      Both Actions involve the same questions of law, particularly the application of the Ninth Circuit's reporter's privilege law arising under the First Amendment, as laid forth in *Shoen v. Shoen* (*"Shoen I"*), 5 F.3d 1289, 1292 (9th Cir. 1993) and *Shoen v. Shoen* (*"Shoen II"*), 48 F.3d 412, 416 (9th Cir. 1995). Jacoby also asserts California Shield Law, as codified in the California Constitution, Art. 1, § 2(b) and California Evidence Code § 1070(a). ULS seeks deposition testimony and document discovery from Jacoby of three specific categories of information:

(1) notes from conversations between Jacoby and Jane Doe from December 2018 to May 26, 2021; (2) text messages between Jacoby and Jane Doe from December 2018 to May 26, 2021; and (3) an affidavit from Jacoby authenticating copies of the production and providing a context for the production.  Because ULS seeks discovery of unpublished newsgathering information and materials, Jacoby objects to both subpoenas on reporter's privilege and reporter's shield grounds.  Accordingly, assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, because a similar or consistent result should follow in both Actions.  Local Rule 123(a)(3).

It would entail substantial duplication of labor if the Actions were heard by different Judges or Magistrate Judges.  Local Rule 123(a)(4).  For the Court, because the facts and legal issues are nearly identical, relating the cases would save significant judicial effort.  In addition, the Parties have already fully briefed and submitted a Joint Statement in *Jacoby I* per the procedures outlined in Magistrate Judge Allison Claire's Standing Order and Civil Local Rule 251.  There would be significant economies for the Parties to prepare a Joint Statement tailored to the deposition subpoena in *Jacoby II*, using much of the same structure and legal analysis.  In contrast, Magistrate Judge Jeremy D. Peterson applies different procedures to discovery disputes, requiring informal briefing, a settlement conference, and motion briefing under Local Rule 230 rather than the Joint Statement required under Local Rule 251.  Those procedural differences would create inefficiencies for the Parties focused more on format than substance.

Given the significant overlap in questions of fact and issues of law in these two discovery disputes and the judicial economies that relating would provide, Jacoby respectfully requests that these Actions be deemed related pursuant to Local Rule 123.

DATED: December 6, 2023

JASSY VICK CAROLAN LLP


 /s/ Jean-Paul Jassy
JEAN-PAUL JASSY
Counsel for Moving Party and Non-Party Journalist KENNETH JACOBY