**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal Bar No. 220513
  jpjassy@jassyvick.com
JORDYN OSTROFF, Cal. Bar No. 313652
  jostroff@jassyvick.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:   310-870-7048
Facsimile:    310-870-7010

Attorneys for Moving Party and
Non-Party Journalist
KENNETH JACOBY

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JACOBY,<br><br>                    Moving Party,<br><br>     vs.<br><br>BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM,<br><br>                    Responding Party. | Case No. 2:23-cv-02848-KJM-AC<br><br>*Related to E.D. Cal. Case No. 2:23-mc-00403-KJM-AC*<br><br>*Pending in the Middle District of Louisiana, Case No. 3:22-cv-00338-BAJ-SDJ*<br><br>**DECLARATION OF JEAN-PAUL JASSY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION SUBPOENA DIRECTED TO JOURNALIST KENNETH JACOBY**<br><br>Hearing Date:   January 31, 2024<br>Time:                 10:00am<br>Courtroom:       26 |

# DECLARATION OF JEAN-PAUL JASSY

I, Jean-Paul Jassy declare as follows:

1. I am over the age of 18 years, and I am an attorney authorized to practice before this Court. I am a partner of Jassy Vick Carolan LLP, counsel to moving party Kenneth Jacoby who is a professional journalist and reporter for *USA Today*. I submit this declaration in support of Mr. Jacoby's Motion for Protective Order Regarding Deposition Subpoena Directed to Journalist Kenneth Jacoby in the above-captioned action, *Kenneth Jacoby v. Board of Supervisors of the University of Louisiana System*, Case No. 2:23-cv-02848-KJM-AC, in the United States District Court for the Eastern District of California. This matter has been related to *Kenneth Jacoby v. Board of Supervisors of the University of Louisiana System*, Case No. 2:23-mc-00403-KJM-AC, in the United States District Court for the Eastern District of California. The Deposition Subpoena at issue seeks testimony from Mr. Jacoby in an underlying action, *Jane Doe v. Board of Supervisors of the University of Louisiana System, et al.*, Case No. 3:22-cv-00338-BAJ-SDJ, pending in the United States District Court for the Middle District of Louisiana. The following facts are true of my own personal knowledge except for those stated on information and belief, which facts I believe to be true.

2. Kenneth Jacoby is, and at all relevant times was, a reporter for *USA Today*, a nationwide newspaper operated by Gannett Co. Inc. Mr. Jacoby is the author of a May 26, 2021 article published in *USA Today*, "Six women reported a Louisiana college student for sexual misconduct. No one connected the dots" (the "Article"). A true and correct copy of the Article is attached as **Exhibit 1.**

3. A year after the Article's publication, Jane Doe, one of the women who reported Victor Daniel Silva to the Board of Supervisors of the University of Louisiana System ("ULS") for assault, filed a Title IX lawsuit (the "Complaint") against ULS, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, and Lafayette City-Parish Consolidated Government, also raising state law negligence claims against each of the Defendants. Jane Doe directly references the Article in Paragraphs 10 and 125 through 133 of the Complaint, crediting the Article with making her aware of the Defendants' pattern of behavior. A true and

correct copy of the May 25, 2022 Complaint filed in *Jane Doe v. Board of Supervisors of the University of Louisiana System et al.*, Case No. 3:22-cv-00338-BAJ-SDJ, pending in the United States District Court for the Middle District of Louisiana is attached as **Exhibit 2.**

4. A year and a half later, on October 2, 2023, Counsel for ULS, Catherine Giering, emailed to Mr. Jacoby a purported document subpoena under Federal Rule of Civil Procedure 45. Attachment A to the document subpoena included 28 broad categories of document requests for Mr. Jacoby's unpublished newsgathering materials associated with the Article. (ULS subsequently served on Mr. Jacoby a procedurally proper but otherwise substantively identical subpoena from ULS.)

5. On November 13, 2023, Mr. Jacoby initiated Case Number 2:23-mc-00403-KJM-AC in the Eastern District of California to move to quash the document subpoena (*Jacoby I*). A true and correct copy of Mr. Jacoby's Notice of Motion and Motion to Quash in *Jacoby I* is attached hereto as **Exhibit 3**. On November 15, 2023, my colleague Meghan Fenzel and I met and conferred telephonically with Ms. Giering and her colleague, Reynolds LeBlanc. We spoke for one hour. We discussed the Motion to Quash and Joint Statement procedure. During the meet and confer call:

   a. Ms. Giering explained that ULS's premise for discovery was to see whether Mr. Jacoby revealed anything in interviews and communications with Jane Doe before May 26, 2021 that would toll the statute of limitations for her claims. Ms. Giering stated that the claims would be time-barred if Jane Doe had been aware that she had a claim prior to reading Mr. Jacoby's article on May 26, 2021. This was Ms. Giering's explanation for seeking the notes and substance of the interviews with Mr. Jacoby. Ms. Giering acknowledged the topic had been partially addressed during Jane Doe's deposition, but Ms. Giering asserted that the deposition responses had not ruled out potential statute of limitations issues.

   b. Ms. Giering explained that Jane Doe had produced text messages with Mr. Jacoby beginning in December 2020, but because they referenced a prior communication, Ms. Giering was not convinced that they constituted all text messages between the two. She also noted that a possible source of purportedly

|   |   |
|---|---|
| 1 | lost messages was Jane Doe acquiring a new phone at some point prior to |
| 2 | December 2020. |
| 3 | c. I asked Ms. Giering if she had subpoenaed Jane Doe's phone service provider or |
| 4 | email service provider for records. Ms. Giering stated that she had not |
| 5 | subpoenaed any phone provider, cloud backup provider, or email service |
| 6 | provider for Jane Doe's communications with Mr. Jacoby. (I understand that |
| 7 | ULS has, since then, issued a subpoena to Verizon Wireless for Jane Doe's |
| 8 | phone records.) |
| 9 | d. I reiterated Mr. Jacoby's position, expressed in an earlier letter dated October 13, |
| 10 | 2023, that his unpublished newsgathering materials were protected under the |
| 11 | reporter's privilege and shield laws. Ms. Giering asserted that the California |
| 12 | reporter's shield laws did not apply. I responded that Mr. Jacoby's main |
| 13 | argument was under First Amendment law, but I also asserted the California |
| 14 | shield laws would apply. We discussed further various authorities and positions |
| 15 | related to the reporter's privilege and shield laws. |

16   6.   On November 22, 2023, I accepted service of a subpoena for Mr. Jacoby's
17 deposition, issued by ULS. ULS subsequently issued a modified subpoena for Mr. Jacoby's
18 deposition on November 28, 2023 (the "Deposition Subpoena"). A true and correct copy of the
19 Deposition Subpoena is attached hereto as **Exhibit 4**. On December 6, 2023, my office filed a
20 Motion for Protective Order Regarding Deposition Subpoena Directed to Journalist Kenneth Jacoby
21 ("Motion for Protective Order"). Dkt. 1.

22   7.   On December 21, 2023, this Court issued an order granting Mr. Jacoby's motion to
23 quash in *Jacoby I* (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit**
24 **5**. Also on December 21, 2023, the Court issued a Judgement in a Civil Case, by which it entered
25 judgment in accordance with the Order in *Jacoby I*. A true and correct copy of that Judgment is
26 attached hereto as **Exhibit 6**.

27   8.   After the Court issued the Order, I contacted Ms. Giering via email on December 21,
28 2023 to ask whether ULS would withdraw the Deposition Subpoena in light of the Order. On

-3-   DECLARATION OF JEAN-PAUL JASSY

1  December 22, 2023, Ms. Giering responded, and refused to withdraw the subpoena.  A true and
2  correct copy of that email exchange is attached hereto as **Exhibit 7**.
3     9.   On January 3, 2024, I conferred by telephone with Ms. Giering and Ms. Giering's
4  colleague Reynolds LeBlanc, as well as other counsel, to discuss the Deposition Subpoena and Mr.
5  Jacoby's pending Motion for Protective Order as to the Deposition Subpoena.  Counsel for ULS
6  contended that the Order did not bar the information sought by the Deposition Subpoena because it
7  was sought via a deposition subpoena rather than a document subpoena, which is a different
8  procedural mechanism.  I pointed out that the mechanisms might be different, but the underlying
9  substance of the information sought, and the applicability of the Order from *Jacoby I* was the same.
10 Counsel for ULS repeated that the procedural mechanisms were different so the Order did not
11 apply.  Counsel for ULS also contended for the first time on the January 3, 2024 call that ULS
12 needed Mr. Jacoby's testimony to explore purported discrepancies between the Article that Mr.
13 Jacoby wrote and materials that ULS had previously produced to Mr. Jacoby in response to Mr.
14 Jacoby's document requests to ULS pursuant to freedom of information laws.  Counsel for ULS
15 also contended that the Article inaccurately stated that the student accused of sexual misconduct
16 transferred, rather than withdrew, from a ULS school.  My response to this new contention was that:
17 we did not concede that any part of the Article was inaccurate, but, in any event, ULS could
18 compare documents provided to Mr. Jacoby with the Article without the need to depose Mr. Jacoby.
19 ULS's counsel responded that they wanted to inquire, inter alia, as to Mr. Jacoby's state of mind
20 (which I asserted is privileged, unpublished information).
21     10.  I am informed and believe that Jane Doe sat for a seven-hour deposition in the
22 underlying case pending in federal court in Louisiana on September 20, 2023.  Defendants in the
23 underlying action initially filed the full transcript of that deposition on the public docket in support
24 of a motion to compel on October 31, 2023.  While the deposition transcript was on the public
25 docket, a colleague at my law firm retrieved a copy of Jane Doe's deposition transcript from the
26 public docket for the underlying matter at ECF 80-3.  Subsequently, because the transcript had been
27 subject to a Protective Order in the underlying action and included highly sensitive information, it
28 was stricken from the record.  A true and correct copy of pertinent excerpted pages from the

publicly-filed transcript of the September 20, 2023 deposition of Jane Doe is attached as **Exhibit 8**. Exhibit 8 does <u>not</u> include confidential or highly sensitive information, and I received consent from Jane Doe's counsel to file the excerpted pages of the transcript on the public docket.

11. I am informed and believe that Jane Doe is currently pursuing a related state court action in Louisiana against the same defendants, including ULS. In that action, the Louisiana state court judge rejected the defendants' argument that Jane Doe's claims were time-barred. I am informed and believe that a true and correct copy of the signed state court ruling, dated November 22, 2023, rejecting the statute of limitations argument ("prescription" in Louisiana state law) is attached as **Exhibit 9**.

12. In an effort to reach a compromise in *Jacoby I*, Mr. Jacoby prepared and signed a declaration confirming the dates and means of his initial conversations with Jane Doe. That declaration, filed in support of the Joint Statement in *Jacoby I*, confirms the information in the documents Jane Doe had already produced and clarifies any uncertainty regarding the first dates of contact. On November 28, 2023, my office transmitted Mr. Jacoby's declaration to ULS's counsel in an effort to reach a compromise. ULS did not deem Mr. Jacoby's declaration sufficient, and ULS continues to seek Mr. Jacoby's unpublished newsgathering resource materials regarding the contents of Mr. Jacoby's communications with Jane Doe. In an effort to reach a compromise in this matter, and avoid the need for a deposition of Mr. Jacoby, we offered to provide a declaration from Mr. Jacoby authenticating the published version of the Article. ULS told us that would not be sufficient from their point of view.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 17, 2024 in Los Angeles, California.

_____
Jean-Paul Jassy